UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JUANITA MCDOWELL,**<br><br>　**Plaintiff,**<br><br>　v.<br><br>**THE GOVERNMENT OF THE DISTRICT OF COLUMBIA,** *et al.*<br><br>　**Defendants.** | Civil Action No. 02-1119<br>(RWR/JMF) |

**ORDER**

It appearing that at the status conference held before Judge Roberts on March 29, 2005, defendants turned over a spreadsheet (on diskette) to plaintiff, and,

It further appearing that the spreadsheet defendants produced does not meet the specifications of this court's January 26, 2005 Order, and,

It further appearing that at the status conference, Judge Roberts ordered the parties to meet and confer as to whether or not defendants' Information Technology ("IT") department was capable of conforming the spreadsheet to plaintiff's specifications, and,

It further appearing that defendants indicated that "[b]ased on their review, the defendants intend to produce supplemental discovery responses to plaintiff on or before April 1, 2005," <u>The Defendants Shanita Williams and the District of Columbia's Opposition to Plaintiff's Motion to Compel Production</u> at 2, it is, therefore, hereby,

**ORDERED** that the parties submit, within five days of the date of this Order, a joint stipulation confirming both that defendants have made the necessary modifications to the

spreadsheet and that plaintiff has received the spreadsheet and is satisfied that the specifications of her discovery request, as described by the court in its January 26, 2005 Order, have been met. Specifically, defendants must produce a spreadsheet that lists all arrest events for each of the officers designated by plaintiff for the period designated by plaintiff.

If defendants cannot produce a spreadsheet that complies with the specifications of the court's January 26, 2005 Order, defendants will, as part of the parties' joint stipulation, submit an affidavit to that effect, signed by a representative of defendants' IT department.

The court notes for the record that it will not entertain any further motions by defendants as to either the discoverability of the information sought or the hardship involved in its production. This simple issue has brought not only discovery, but this entire case to a standstill. That standstill has just ended.

This does not mean that the court may not, at some future date, determine that the cost of production is more appropriately shared by the parties. However, this determination can only be made following the completion of discovery and defendants' submission of a log of the time it took to comply with the court's orders.

Finally, it is, hereby,

**ORDERED** that defendants' Motion to Reconsider the Court's Order and/or to Enlarge the Time to Comply with the Court's Discovery Order [#64/#68] is **DENIED** as moot. It is further, hereby,

**ORDERED** that Plaintiff's Motion to Reconsider Paragraph 2 of this Court's Order Dated January 26, 2005 (Docket #63), Incorporating Points and Authorities [#69] is **DENIED** as moot. It is further, hereby,

**ORDERED** that Plaintiff's Motion to Compel Production of Spreadsheet Required by this Court's Order Dated January 26, 2005 (Docket #63), Incorporating Points and Authorities [#71] is **DENIED** as moot.  It is further, hereby,

**ORDERED** that The Defendants District of Columbia and Shanita Willams' Amended Motion to Enlarge the Time to Complete Document Production [#78] is **DENIED** as moot.

**SO ORDERED.**

                                                               _____
                                                               JOHN M. FACCIOLA
                                                               UNITED STATES MAGISTRATE JUDGE

Dated: