UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUANITA MCDOWELL<br>Plaintiff<br><br>v.<br><br>THE GOVERNMENT OF THE DISTRICT<br>OF COLUMBIA, et al.<br><br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 02cv1119(RWR/JMF) |

PLAINTIFF'S RENEWED MOTION TO COMPEL PRODUCTION OF SPREADSHEET AND PD 163s, INCORPORATING POINTS AND AUTHORITIES

Plaintiff hereby respectfully moves this Court for an order compelling defendants to produce the spreadsheet and PD 163s ordered by the Court in the order dated January 26, 2005 (January 26 Order") (docket # 63). Plaintiff incorporates by reference herein facts and arguments made in previous papers filed on this subject.

## I. CONSENT AND RULE 37 CONFERENCE

Undersigned counsel certifies pursuant to Rule 37 and L.R. 7 that he has thoroughly discussed the issues covered in this motion in great detail with opposing

counsel but has been unable to obtain the documents requested in the document production requests informally.

## II. DESCRIPTION OF "CJIS" (MPD'S COMPUTERIZED BOOKING SYSTEM FOR BOOKING ARRESTEES)

"CJIS" is the Criminal Justice Information System, that is, the computerized booking system for the Metropolitan Police Department. Jones[1] deposition, Vol. 1, page 7.

Officers making arrests in the District of Columbia (including MPD officers and officers from other agencies operating in the District of Columbia) fill out an arrest report (PD 163) for every person arrested in the District of Columbia. Jones deposition, Vol. 1, pages 7, 11-12. The PD 163 contains blocks to enter data ("data elements ") about the person arrested, the arresting officer and the other officers involved in the arrest, and the offense, as well as a narrative describing the events leading up to an arrest, and the arrest itself. Jones deposition, Vol. 1, pages 11-12.

Later, MPD "booking officers" enter the data elements from the PD 163 (except for the narrative) and other data elements (such as a PDID) into CJIS. Jones deposition, Vol. 1, page 12. CJIS automatically generates a nine digit arrest, or

[1] Thelma James and S. Gantt were produced as the District's most knowledgeable persons about the MPD's CJIS computer database. Volume 1 of ms. James' deposition, and Ms. Gantt's deposition transcripts are attached.

booking, number, which is a counter number assigned to each arrest by an "arrest unit" per year (e.g., the arrest number 030002083 would be automatically generated for the 2,083rd arrest in 3D for year 2000). Jones deposition, Vol. 1, page 61. Booking officers then enter the arrest number and PDID number (if issued) into CJIS for each arrest. Id. They then enter the arrest number onto the PD 163. Id. MPD booking officers also populate a field for each arresting officer, papering officer, and an “other officer” field for other officers involved in the arrest. “Arresting officer,” the officer who signs the PD 163, is a mandatory field in CJIS. Gantt deposition, page 30. A “mandatory field” is a field that must be entered. Gantt deposition, page 29. If the data entry person does not populate, or enter data in a mandatory field, he or she cannot proceed to the next field. Gantt deposition, pages 29-30. Since about 1998, CJIS has had a field the MPD uses for entering data about “other officers,” officers who participated in the arrest, but who were not the “arresting officer.” Gantt deposition, pages 80-81, 84. The other officers are also listed on a PD-168 generated by the arresting officer. Gantt deposition, pages 80-81.

Each line of data in CJIS is a “record,” that is all the fields related to an arrest event. Jones deposition, Vol. 1, page 18. The arrest number is the primary key for the CJIS computerized booking system. Id.

Thus, for each person arrested in the District of Columbia, there exists a PD 163 and a record in CJIS containing a unique arrest number, an event number, the

involved officers' names, and the involved officers' badge number, as well as the name and address and other information about the arrestee. Jones deposition, Vol. 1, pages 17-18.

Docket numbers of cases referred to the District of Columbia or the US for prosecution are sent back to the CJIS system from the Superior Court's system. Jones deposition, Vol. 1, pages 32-33.

Each person arrested has a unique arrest number for each arrest (an arrest event is a single arrest). Gantt deposition, page 29.

The depositions of Ms. James and Ms. Gantt show that the District could easily run the query in CJIS, and produce it in an asci flat file format or an Excel spreadsheet. Jones deposition, Vol. 1, pages 17-18.

## III. ORDER DATED JANUARY 26, 2005 (DOCKET # 63) AS IT RELATES TO THE SPREADSHEET

By order dated January 26, 2005, this Court ordered the District to produce (among other things) (within ten days of the docketing of the Order) an Excel spreadsheet containing a list generated from CJIS of all arrests made by certain designated officers (the "Designated Officers," listed below) during the period from November 16, 1999 up to the present (the "Production Period"). The Order expressly

defines the Production Period as starting on November 16, 1999 and ending on the present. Order, page 1.

The Designated Officers, identified by reference to plaintiff's document production request, are: E. Soto, Homer Littlejohn, Anthony McGee, Jonathan Jackson, Lonnie Moses, Jr., S.D. Siegel, Gary Gulich, and A. Allen.

The purpose of the spreadsheet is to have a master list of all arrest reports authored by or involving the Designated Officers during the Production Period. The spreadsheet list provides an economical way for the District to know what arrest reports it needs to provide, and for all persons to tell whether the District's document productions comply with the Order.

## IV. ORDER DATED MAY 11, 2005 (DOCKET # 79)

By order dated May 11, 2005 (docket # 79) (May 11 Order), this Court ordered in part:

> Specifically, defendants must produce a spreadsheet that lists all arrest events for each of the officers designated by plaintiff for the period designated by plaintiff.
>
> If defendants cannot produce a spreadsheet that complies with the specifications of the court's January 26, 2005 Order, defendants will, as part of the parties' joint stipulation, submit an affidavit to that effect, signed by a representative of defendants' IT department.

## V. THE SPREADSHEET THE DISTRICT PRODUCED DOES NOT COMPLY WITH THE JANUARY 26 ORDER

1. **The spreadsheet the defendants produced was in a format that made sorting[2] by chronological order and other manipulation impossible**. The arrest events on the spreadsheet had to be sorted in chronological order before plaintiff could isolate and delete arrest events outside the date range specified in the January 26 Order. Plaintiff requested a reformatted spreadsheet from the District but the District did not produce it. So, plaintiff had to pay $100 to a computer consultant to reformat the spreadsheet and delete arrest events outside the date range specified in the January 26 Order. An affidavit from the computer consultant detailing the reformatting is attached as Plaintiff's Exhibit 9.

2. **The spreadsheet does not list all arrest events for the Designated Officers in the Production Period (date range specified in the January 26 Order).** As specified below, (i) the MPD fills out a PD 163 for every person arrested in the District of Columbia, (ii) every person arrested in the District of Columbia is booked into CJIS (the MPD's computerized booking computer), and (iii) every such arrest event is assigned an arrest number. Therefore, at the very least, the spreadsheet

[2] The spreadsheet contained arrest events outside the date range specified in the January 26 Order (November 16, 1999 to present). The first step in analyzing whether the spreadsheet listed the arrest events specified in the January 26 Order was sorting the lines of data in chronological order, and then deleting events outside the date range specified in the January 26 Order (November 16, 1999 to present).

should contain an entry for every PD 163 produced by the District for the Designated Officers within the date range specified by the January 26 Order. However, the spreadsheet does not have an entry for every PD 163 produced by the District for the Designated Officers within the date range specified by the January 26 Order. Therefore, the spreadsheet does not list all arrest events required by the January 26 Order.

For example, Attachment[3] 30, PD 163s where L Moses is the arresting Officer, has 36 PD 163s. All 36 of the PD 163s in Attachment 30 are attached as Plaintiff's Exhibit 10. 12 of the PD 163s are out of the date range specified in the January 26 Order because they pre-date November 16, 1999 (pages 1-12). 1 of the PD 163s is on the spreadsheet (page 22). But, 23 of the PD 163s are not on the spreadsheet (pages 23-36). Therefore, since every PD 163 is assigned an arrest number and every PD 163 is logged into CJIS, the spreadsheet the District provided does not reflect all arrest events for Lonnie Moses during the specified date range.

---

[3] The District responded to plaintiff's document production requests for PD 163s by producing batches of PD 163s grouped by officer in 22 batches it labeled "Attachments" in three separate supplemental responses. The Attachments were labeled from 28 to 50. Defendant's Second Supplement contains Attachments 28-38; Defendant's Third Supplement contains Attachments 39-43; Defendant's Fourth Supplement contains Attachments 44-50. The Fourth Supplements references PD 163s on a "disc," but defendants did not produce the disc, as plaintiff's counsel informed defendant counsel. The District listed PD 163s for officer Allen but did not produce them.

Similarly, Attachment 28, Homer Littlejohn, has 44 PD 163s. Of these, 8 are not on the spreadsheet for Homer Littlejohn. The 8 PD 163s in Attachment 28 (and only those 8) that are not on the spreadsheet are attached as Plaintiff's Exhibit 11.

3. **Not all PD 163s listed on the spreadsheet were produced**[4]. Attached as Plaintiffs Exhibits 1-8 are the spreadsheets for the officers specified in the January 26 Order. Plaintiff's counsel has added a column, Column D styled "Produced," to each spreadsheet. Plaintiff's counsel added an "X" to Column D for each spreadsheet that the District produced. Lines on the spreadsheet that do not have an X in Column D **were not** produced by the District.

4. **None of the other officers are on spreadsheet nor were any of the "other officer" PD 163s produced**. Since about 1998, CJIS has had a field the MPD uses for entering data about "other officers," officers who participated in the arrest, but who were not the "arresting officer." Gantt deposition, pages 80-81, 84. The other officers are also listed on a PD-168 generated by the arresting officer. Gantt deposition, pages 80-81. The spreadsheet did not list arrest events for the Designated Officers when they were the "other officer," as opposed to arresting officer, nor did the District produce any such PD 163s. Id. The District's 30(b)(6) deponent testified

---

[4] The PD 163 for arrest number 060100200 (Dennis Dexter Crowder, arrested by H Littlejohn) was produced but is not marked by an X.

that there is an active field in CJIS that captures other officer data. Ms. Gantt also testified that the District also has the data on the PD 168. Id.

5. **PD 163s authored by Homer Littlejohn where the narrative shows an in the field intimate body search are either not on the spreadsheet, or are on the spreadsheet, but were not produced**. Plaintiff's Exhibit 12 consists of 3 PD 163s that plaintiff's counsel obtained in other cases. Pages 1A and 1B are a PD 163 where Homer Littlejohn is the arresting officer, dated 9//19/2000. The narrative shows an in the field intimate body search, because it states "blunts" were removed from the subject's "buttocks area." Page 1B. This PD 163 was not on the spreadsheet.

Pages 2A and 2B of Plaintiff's Exhibit 12 are a PD 163 where Homer Littlejohn is the arresting officer, dated 11/17/2000. The narrative shows an in the field intimate body search, because it states "zips" were removed from the subject's "buttocks area." Page 2B. This PD 163 is listed on the spreadsheet, but was not produced.

Pages 3A and 3B of Plaintiff's Exhibit 12 are a PD 163 where Homer Littlejohn is the arresting officer, dated 2/7/01. The narrative shows an in the field intimate body search, because it states "ziplock bags" were removed from "between his buttocks." Page 3B. This PD 163 is not listed on the spreadsheet.

## VI. RELIEF REQUESTED BY PLAINTIFF

Plaintiff respectfully moves this Court to order defendant to produce the spreadsheet and PD 163s within 10 days from the date of this Court's Order; and to pay plaintiff's attorney's fees and costs in preparing and prosecuting this motion.

If the District cannot produce a spreadsheet conforming to the Court's January 26 Order, plaintiff moves the Court to enter summary judgment for plaintiff on her Monell claim against the District. See Fagan v. District of Columbia, 136 F.R.D. 5, 7 (D.D.C. 1991) (producing party bears costs of production, especially where information is not easily accessible because defendants have an inefficient filing system). The District's inefficient filing system makes it impossible to ascertain whether the District has produced all arrest reports relating to Designated Officers within the Production Period.

WHEREFORE, Plaintiff respectfully moves this Court to grant plaintiff's motion.

Respectfully submitted,

______________________________

WILLIAM CLAIBORNE (# 446579)
717 D Street, N.W. · Suite 210
Washington, DC 20004
Phone: 202-824-0700