UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUANITA MCDOWELL,<br><br>　　Plaintiff,<br><br>　　v.<br><br>THE GOVERNMENT OF THE<br>DISTRICT OF COLUMBIA, *et al.*<br><br>　　Defendants. | Civil Action No. 02-1119 (RWR/JMF) |

**MEMORANDUM OPINION**

On February 9, 2006, I ordered plaintiff to submit to the court a detailed report identifying the amount of attorney's fees and costs she had expended since February 3, 2003, in trying to obtain various PD 163's. I also indicated that defendants would be allowed to file any objections to the reasonableness of the fees claimed. On March 1, 2006, plaintiff submitted her fee petition, claiming a total of $99,832.12 in fees and expenses. Defendants' objections were filed on March 22, 2006.

**DISCUSSION**

I.　Defendant's Objections

In a nutshell, defendants' primary objection to the fee petition is that the scope of discovery changed over time and that defendants should not be penalized for not producing earlier what was not sought until later. The Defendant District of Columbia's Opposition to Plaintiff's Counsel's Report for Attorney's Fees and Costs and/or Motion for Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b) at 4-5. While perhaps true, in the sense that the form of discovery sought did change over time, the rationale underlying my decision to award

attorney's fees remains the same. But for defendants' failure to comprehend the capabilities of their own record-keeping system, plaintiff would have had the discovery she sought at a much earlier date.

On November 16, 2002, plaintiff propounded her first set of document requests, seeking hard copies of those PD 163's in which certain named officers were either the arresting officer or an assisting officer. See Plaintiff's Motion to Compel Defendant District of Columbia to Respond to Plaintiff's Document Production Requests, Incorporating Points and Authorities, Exhibit 2 at 15-16.

Defendants never responded to the request and on February 3, 2003, plaintiff moved to compel the information. Although defendants rightly point out that plaintiff did not initially request computerized data but rather hard copies of the PD 163's, plaintiff wouldn't have had to move to compel information about defendants' computer system if the documents had been produced when initially requested. In other words, plaintiff's first seeking information about the database and then seeking information in either an ascii-delimited or spreadsheet format did not impose any greater burden on defendants than already existed by virtue of the first document request. The paper copies of the PD 163's are kept in filing cabinets, where they are filed by district, arrest number or PD ID number. Thus, in order to comply with plaintiff's first document request, defendants would still have had to run a computerized query of its database in order to locate those responsive PD 163's for copying. The fact that defendants did not respond to plaintiff's initial document request and the fact that plaintiff had to move to compel the information justifies an award of attorneys fees dating back to February 3, 2003, even though the first time plaintiff actually sought the information in an ascii-delimited or spreadsheet format was

November 22, 2004.  Plaintiff wouldn't have had to seek the data in a computerized form if defendants had realized in November of 2002 that it was possible to run the relevant query of the CJIS system.  Defendants did not acknowledge this fact until October 20, 2005, in a declaration by Thelma James, then-Acting Manager of the Applications Support Branch fo the Metropolitan Police Department.  See The Defendants District of Columbia and Shanita Williams' Supplemental Arguments to Plaintiff's Motion for Sanctions, Exhibit 1 at 1-2.

II.     Fees Claimed by Plaintiff's Attorney William Claiborne

   A.     Claiborne's Hourly Rate

Claiborne claims an hourly rate of $475 under the fee schedule established in Laffey v. Northwest Airlines, Inc., 572 F. Supp. 354 (D.D.C. 1983),[1] as updated by this court's decisions in Salazar v D.C., 123 F. Supp. 2d 8, 13-14 (D.D.C. 2003) and McDowell v. District of Columbia, No. 00-594, 2006 U.S. Dist. LEXIS 4756, at *18 (D.D.C. June 5, 2001).  Citing Salazar and McDowell, Claiborne seeks a significant premium over the Laffey rates as published by the U.S. Attorney's Office.  The difference between those cases, however, and the case at bar is that those decisions were based on a significant evidentiary record.  In other words, the parties in those cases presented the court with an evidentiary basis for awarding an hourly fee higher than that used in the U.S. Attorney's Office matrix.[2]  In this case, no such argument was made and

---

[1] This Circuit approves the use of the Laffey matrix "as the benchmark for 'reasonable fees.'"  Muldrow v. Re-Direct, Inc., 397 F. Supp. 2d 1, 3 (D.D.C. 2005).

[2] The U.S. Attorney's Office version of the Laffey matrix starts with the fee schedule established by Laffey in 1983 and then updates it by adding the change in the cost of living for the Washington, D.C. area to the previous year's rate.  Changes in the cost of living are in turn measured by the Consumer Price Index for all consumers in the Washington, D.C. area.  A second version of the matrix takes the Laffey fee schedule and then updates it by adding the change in the cost of living as based on the legal services component of the national Consumer Price Index.

Case 1:02-cv-01119-RWR   Document 114   Filed 07/11/06   Page 4 of 16

therefore the court will rely on the U.S. Attorney's Office version of the Laffey matrix.

According to the matrix, attorneys with between eleven and nineteen years of experience should be compensated at an hourly rate of $360 for the years 2005-2006.[3] See Laffey Matrix 2003-2006, available at http://www.usdoj.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_5.html. Accordingly, even though Claiborne has relevant experience in this area of the law and had prevailed in several high-profile cases, the work performed in this instance, that of seeking police arrest records in support of plaintiff's claim that her civil rights were violated, is simply not so remarkably complex as to warrant an award of fees greater than that suggested by the updated fee matrix.

In addition, even though Claiborne argues that his expertise in the area of e-discovery justifies a higher hourly rate, the very heart of the Laffey matrix takes into account an attorney's years of experience and compensates him accordingly, based on the rationale that an attorney's experience in a given area renders him more efficient. In this case, Claiborne's client received both the benefit of Claiborne's eighteen years of experience, including fifteen years of trial experience with a more recent specialization in the area of civil rights violations, and the benefit of the efficiency that comes from such experience, both of which will be adequately compensated at the hourly rate of $360. See Plaintiff's Reply to Defendant's Response to Plaintiff's Report for Attorney's Fees and Costs ("Plains. Reply") at Exhibit 1, pages 2-3.

---

[3] Claiborne rightly notes that this Circuit sanctions the use of the current Laffey rate even though the work at issue occurred over several years. Plains. Reply at Exhibit 1, page 6 (citing Pleasants v. Ridge, 424 F. Supp. 2d 67, 71 (D.D.C. 2006)).

B.      Time Spent on Legal Tasks

Although the only disputed area of discovery concerned defendants' production of the spreadsheet and corresponding PD 163's, plaintiff's fee petition is unfortunately quite vague at times. Nevertheless, by examining the dates that correspond to the tasks described in the fee petition, in most instances the court has been able to determine what documents plaintiff was either responding to or drafting. As a result, the majority of fees claims will be deemed compensable. Only the following entries will be denied for lack of specificity:

| Date | Description | Time |
| --- | --- | --- |
| 3/24/03 | Review file and order. | 0.3 |
| 6/02/04 | Draft query. | 0.9 |

C.      Time Spent on Travel and in Court

Claiborne seeks compensation for time spent traveling to and from court hearings, as well as for time spent in the actual hearings. Although Claiborne has failed in some instances to segregate time spent on travel versus time spent in court, he will be compensated for both since both were necessitated by defendants' failure to respond appropriately to plaintiff's discovery requests. In other words, but for defendants' failure to turn over the requested information, the court would not have had to convene the numerous discovery status conferences. See Cobell v. Babbitt, 188 F.R.D. 122, 127 (D.D.C. 1999) ("The court agrees that the inclusion of travel time is inappropriate, especially when plaintiffs do not attempt to establish that a specific trip was "caused by defendants' failure to obey the previous orders.").

E.      Time Spent Preparing Fee Petition

Time spent in the preparation of a fee petition is compensable. See Cobell v. Norton, 407

5

F. Supp. 2d. 140, 163 (D.D.C. 2005) (citing Environmental Defense Fund v. EPA, 672 F.2d 42, 62 (D.C. Cir. 1982)). Therefore, Claiborne will be fully compensated for, in this case, the time spent by attorney Lindsey B. Lang of Steptoe & Johnson.

III.     Fees claimed by Paralegal Wendy Byndloss

Claiborne claims an hourly rate of $130 for paralegal Byndloss. According to the U.S. Attorney's Office version of the Laffey matrix, paralegals are to be compensated at an hourly rate of $115 for the years 2005-2006. As stated above, the court finds no reason to augment this rate and thus Claiborne will be reimbursed for all of Byndloss' work at the rate suggested by that matrix.

IV.     Expenses

Claiborne seeks reimbursement for the following categories of expenses: 1) transcripts and records costs, 2) copies and reproduction costs, 3) delivery and postage costs, 4) the services of a contract lawyer, 5) the services of John Bowman, 6) the services of Brian Kriegler, and 7) travel costs. All of the claimed expenses are reasonable and will be fully reimbursed.

## CONCLUSION

The following chart indicates those tasks for which reimbursement of attorneys fees will be allowed and the revised hourly rate at which that reimbursement will occur:

Attorney Claiborne

| Date | Description[4] | Time |
|---|---|---|
| 2/03/03 | Draft motion to compel response to plaintiff's document production requests. | 1.7 |

---

[4] Taken verbatim from plaintiff's fee petition.

| | | |
|---|---|---|
| 2/13/03 | Draft reply to defendant's opposition to motion to compel document production requests. | 1.8 |
| 2/14/05 | Review defendant's opposition to motion to compel document production requests. | 0.2 |
| 2/15/03 | Review defendant's opposition to motion to compel document production requests; assemble e-mails and other exhibits. | 1.1 |
| 4/17/03 | Attend status conference. | 0.5 |
| 4/22/03 | Review scheduling order. | 0.1 |
| 6/03/03 | Draft e-mails on interrogatories and discovery. | 0.1 |
| 6/10/03 | Attention to discovery e-mails. | 0.1 |
| 6/23/03 | Draft motion to continue discovery; e-mails to G. Rickman re consent. | 1.0 |
| 7/03/03 | Research e-Order. | 0.1 |
| 7/16/03 | Attention to discovery e-mail. | 0.1 |
| 8/06/03 | Attention to discovery e-mail. | 0.1 |
| 8/08/03 | Attention to discovery deposition dates. | 0.1 |
| 8/11/03 | Draft e-mail regarding deposition dates. | 0.1 |
| 8/18/03 | Attention to discovery e-mail. | 0.1 |
| 8/19/03 | Attention to database (officer & CJIS PMK) depo notice. | 1.0 |
| " " | Attention to depo notice (officer & CJIS PMK) and interrogatory and document production request. | 1.0 |
| 8/20/03 | CJIS interrogatory and document production request. | 1.2 |
| " " | Draft e-mail consent motion to extend discovery. | 0.1 |
| 9/02/03 | Draft joint motion to extend discovery. | 1.0 |
| 10/01/03 | Draft e-mail G. Rickman on PMK (person most knowledgeable) depo and database disco. | 0.2 |
| 10/13/03 | Draft motion to compel CJIS documents, etc. | 1.0 |
| " " | Draft plaintiff's motion (docket #27) to compel defendant District of Columbia to respond to plaintiff's computer interrogatories and document production requests; and motion to produce witnesses for depositions; and motion to extend discovery period. | 2.1 |

| 10/16/03 | Draft plaintiff's motion (docket #27) to compel; prepare exhibits, fil motion. | 1.1 |
|---|---|---|
| 11/05/03 | Draft e-mail on database discovery to G. Rickman asking for CJIS documentation. | 0.1 |
| 11/19/03 | Review defendants opposition to motion to compel database discovery. | 0.9 |
| 12/18/03 | Research e-Order regarding scheduling. | 0.2 |
| 3/09/04 | Draft e-mail to G. Rickman on referring discovery to Magistrate Facciola. | 0.1 |
| 3/10/04 | Review order of Magistrate Facciola on plaintiff's motion to compel. | 1.0 |
| " " | Review order of Magistrate Facciola on plaintiff's motion to compel & read cases. | 0.9 |
| 3/16/04 | Draft e-mail to G. Rickman on order and database discovery. | 0.3 |
| " " | Review cases referenced in order of Magistrate Facciola on motion to compel and pay costs. | 1.0 |
| 3/22/04 | Review Hunter affidavit on collecting sample of PD 163's. | 0.5 |
| " " | Draft e-mail G. Rickman on CJIS elements and Protective order database disco. | 0.3 |
| 3/24/04 | Draft e-mail to G. Rickman detailing query info sought from CJIS; request manuals as ordered by magistrate. | 0.6 |
| " " | Review defendant's motion to reconsider discovery order. | 0.3 |
| 4/05/04 | Draft e-mail to G. Rickman detailing query info sought from CJIS & possible settlement. | 0.2 |
| " " | Research cases on standards for motion to reconsider and cost shifting in e-discovery. | 2.1 |
| 4/06/04 | Research cases on standards for motion to reconsider and cost shifting in e-discovery. | 1.6 |
| " " | Locate and prepare exhibits for opposition to defendant's motion to reconsider discovery order. | 1.1 |
| 4/12/04 | Draft opposition to defendant's motion to reconsider discovery order. | 1.4 |

| | | |
|---|---|---|
| 4/23/04 | Draft e-mail to G. Rickman asking for materials ordered by Magistrate J. Facciola & J. Roberts' hearing. | 0.1 |
| 4/26/04 | Draft e-mail to G. Rickman asking for database discovery and hearing dates. | 0.1 |
| 5/12/04 | Attention to status report on available hearing dates. | 0.5 |
| 5/13/04 | Draft e-mail exchange on hearing dates. | 0.1 |
| 5/24/04 | Attention to status report on available hearing dates. | 0.5 |
| 5/26/04 | Attention to e-mail exchange on hearing dates. | 0.1 |
| 5/27/04 | Attention to e-mail exchange on hearing dates. | 0.1 |
| " " | Travel to & from and attend hearing. | 3.1 |
| " " | Review discovery database materials. | 1.1 |
| 6/01/04 | Review discovery database materials and scan. | 2.8 |
| 6/02/04 | Draft e-mail G. Rickman on t/c w/ chambers re filing line re meeting w/counsel & Hunter. | 0.1 |
| 6/07/04 | Confer with w/ [sic] chambers; e-mail to G. Rickman on line. | 0.1 |
| 6/08/04 | Draft second e-mail to G. Rickman DC response on plaintiffs' [sic] proposed CJIS query so parties can file line. | 0.1 |
| 6/15/04 | Attention to e-mail exchange re CJIS query and depos. | 0.2 |
| 6/30/04 | Review e-mail from G. Rickman stating working on CJIS query. | 0.1 |
| 7/07/04 | Review CJIS database discovery materials and scan. | 0.9 |
| 8/04/04 | Attention to e-mail exchange on CJIS depos. | 0.1 |
| 10/05/04 | Review DC supp. Responses on CJIS database discovery. | 1.1 |
| 10/06/04 | Motion to refer case back to Magistrate Facciola. | 1.1 |
| " " | Travel to and from and participate in status conference. | 1.8 |
| 10/07/04 | Attention to status w/ RWR & meeting w/ Magistrate Facciola. | 1.4 |
| 10/12/04 | Draft e-mail to G. Rickman on depo dates for IT person. | 0.1 |
| " " | Prepare for depo on CJIS. | 2.4 |
| 10/13/04 | Research, draft and file motion to compel PMK depo on CJIS. | 1.8 |

| | | |
|---|---|---|
| " " | Review PD 163's and e-mails on them to law clerk Wendy Byndloss to tally them. | 0.5 |
| " " | Depose CJIS database administrator (James) | 3.0 |
| 10/14/04 | Prepare for deposition and questions for next session. | 1.5 |
| " " | Depose CJIS database administrator (James) | 1.8 |
| 10/15/04 | Prepare for deposition and questions for next session. | 1.2 |
| " " | Draft depo notices for Buenner [sic] and Hunter relating to CJIS. | 0.7 |
| 10/17/04 | Research cases on PMK witness who cannot answer questions; e-mail exchange requesting deponents; draft motion to compel deponents; depo notices. | 1.2 |
| " " | Draft and file second motion to compel PMK depo on CJIS. | 1.1 |
| 10/18/04 | Draft second motion to compel witnesses for CJIS deposition | 1.3 |
| " " | Prepare for James deposition. | 0.5 |
| 10/20/04 | Depose CJIS database administrator (James). | 2.0 |
| 10/21/04 | Review defendant's opposition to plaintiff's second motion to compel CJIS PMK. | 0.2 |
| 10/22/04 | Draft e-mails to G. Rickman re Hunter depo. | 0.1 |
| " " | Prepare for Gantt depo. | 0.3 |
| " " | Depose CJIS database administrator (Gantt). | 1.7 |
| 10/26/04 | Attention to for [sic] Gantt depo. | 0.3 |
| " " | Confer with law clerk Wendy Byndloss re PD 163's. | 0.3 |
| 10/27/04 | Review PD 163's provided by G. Rickman. | 0.9 |
| " " | Confer with law clerk law clerk [sic] Wendy Byndloss Byndloss [sic] re pd 163's. | 0.1 |
| " " | Review PD 163's provided by G. Rickman. | 0.6 |
| " " | Confer with G. Rickman re discovery issues and motion to compel. | 0.3 |
| 10/28/04 | Draft & research motion to compel PD 163's etc. | 2.3 |
| 11/05/04 | Confer with law clerk Wendy Byndloss re 163's. | 0.2 |

| 11/05/04 | Draft motion to compel Bruenner/Hunter on CJIS issues. | 1.0 |
| --- | --- | --- |
| 11/17/04 | Review defendant's opposition to plaintiff's motion to compel Bruenner/Hunter deposition. | 0.2 |
| 11/22/04 | Draft e-mail to G. Rickman on CJIS depos. | 0.1 |
| " " | Draft motion to compel production of PD 163's & related documents. | 1.9 |
| " " | Draft e-mail to G. Rickman on CJIS depos. | 0.1 |
| 1/06/05 | Research & draft motion to compel D. Hunter's home address. | 1.7 |
| 1/07/05 | Travel to and from and participate in status conference on motions. | 3.2 |
| 1/13/05 | Review scheduling order of Magistrate Judge Facciola. | 0.1 |
| 1/26/05 | Draft and file proposed order response scheduling order. | 0.3 |
| 2/15/05 | Review order of Magistrate Facciola granting motion to compel PD 163's. | 0.8 |
| 2/23/05 | Review defendant's m/ to reconsider 1/26/05 discoveryorder [sic]. | 0.4 |
| " " | Attention status hearing before RWR. | 1.2 |
| " " | Travel from hearing. | 0.8 |
| 2/24/05 | Review and calculate defendant's individual officer PD 163 productions to date. | 1.7 |
| " " | Draft motion to reconsider ¶ 2 of 1/26/05 order. | 2.2 |
| 2/25/05 | Draft motion to reconsider ¶ 2 of 1/26/05 order. | 1.3 |
| 3/21/05 | Draft e-mail to G. Rickman on spreadsheet, CDs and extension. | 0.2 |
| " " | Reply District opposition motion to reconsider on production of PD 163. | 0.2 |
| " " | Review transcript of 2/23/05 hearing for use in motion. | 0.4 |
| 3/22/05 | Attention to opposition to defendant's motion to reconsider | 2.3 |
| 4/01/05 | Review spreadsheet and e-mail exchange w/ G. Rickman requesting corrected spreadsheet. | 0.5 |
| 4/04/05 | Draft e-mail to G. Rickman re times for t/c w/ IT person (James). | 0.1 |
| 4/06/05 | Draft e-mail to G. Rickman re times for t/c w/ IT person (James). | 0.1 |

| | | |
|---|---|---|
| " " | Confer with Rickman & James. | 0.2 |
| 4/07/05 | Draft e-mails to Rickman re t/c and spreadsheet and assisting officer field. | 0.4 |
| 4/12/05 | Confer with Rickman re CJIS disc. | 0.2 |
| 4/14/05 | Draft e-mail to G. Rickman re asking Ms. James re spreadsheets and CDs. | 0.1 |
| 4/19/05 | Draft e-mail to G. Rickman re involved officer field. | 0.1 |
| 4/21/05 | Draft e-mail to G. Rickman re involved officer field and Ms. James teleconference. | 0.1 |
| 5/14/04 | Draft e-mail to G. Rickman re scheduling Ms. James teleconference. | 0.1 |
| " " | Review spreadsheets and try to revise. | 0.9 |
| 5/15/05 | Confer with John Bowman re arrest spreadsheets. | 0.3 |
| " " | Confer with John Bowman re arrest spreadsheets. | 0.3 |
| " " | Tally spreadsheets with PD 163's. | 2.3 |
| 5/16/05 | Draft e-mail to Rickman on problems w/ production of spreadsheet and 163's and May 11, 2005. | 0.3 |
| " " | Review and tally reports. | 1.2 |
| " " | Review Rickman e-mail, January 26, 2005 order, and draft e-mail to Rickman re "I do not think the order limits the reports to 'drug arrests, Sixth District.'". | 0.3 |
| " " | Review and tally arrest spreadsheet and PD 163 police reports. | 1.3 |
| 5/17/05 | Teleconference and e-mail exchange w/ Rickman re stipulation filing. | 0.5 |
| " " | Tally [sic] arrest spreadsheet and PD 163 police reports. | 1.2 |
| " " | Prepare spreadsheet exhibits for filing in e-filing format. | 1.3 |
| " " | Review court's May 10 order and DC stip and James affidavit. | 1.7 |
| " " | Review and tally PD 163 attachments for Littlejohn and Soto, and review PD 163 police reports produced in other cases. | 2.4 |
| 5/18/05 | Draft and revise renewed motion to compel. | 2.1 |
| " " | Revise memo and exhibits on spreadsheets. | 1.2 |

| " " | File motion on spreadsheets and exhibits. | 0.6 |
|---|---|---|
| " " | Review arrest spreadsheet production and prepare as exhibit. | 1.6 |
| " " | Attention to e-mail exchanges w/ G. Rickman re CD and contents of CD. | 0.4 |
| " " | Draft motion for leave to supplement motion to compel spreadsheet and prepare exhibits. | 2.3 |
| 5/19/05 | Prepare for discovery status hearing. | 0.6 |
| " " | Prepare for discovery status hearing. | 0.7 |
| " " | Travel to discovery status hearing. | 0.4 |
| " " | Attend discovery hearing. | 0.5 |
| 6/03/05 | Travel back from discovery status hearing (metro). | 0.9 |
| 8/01/05 | Review defendant's opposition to motion to compel. | 0.2 |
| 8/03/05 | Confer with opposing counsel re discovery and status report. | 0.1 |
| 8/04/05 | Prepare box of PD 163's and send to C. Coll; teleconference with C. Coll re tallying reports; e-mail. | 0.5 |
| 8/08/05 | Prepare box of PD 163's and send to C. Coll; teleconference with C. Coll re tallying reports; e-mail. | 0.7 |
| 9/08/05 | Review spreadsheet prepared by C. Coll. | 0.3 |
| 10/02/05 | Draft motion to amend motion to compel spreadsheets. | 5.0 |
| 10/03/05 | Prepare for hearing and organize exhibits; review CDs and pleadings. | 3.0 |
| " " | Travel to evidentiary hearing. | 0.4 |
| " " | Attend evidentiary hearing. | 3.2 |
| 10/28/05 | Travel back from evidentiary hearing. | 0.8 |
| 10/31/05 | Draft e-mail exchange on time respond/ strike post hearing pleading. | 0.1 |
| 11/28/05 | Teleconference with Susan Tyner re transcript. | 0.1 |
| 12/14/05 | Draft e-mail exchange with G. Rickman on late filed opposition to pleading. | 0.1 |
| " " | Try to open CD; take to Minuteman to open. | 0.6 |

13

| 12/15/06 | Draft e-mail to G. Rickman on opening CD. | 0.1 |
| " " | Teleconference w/ Legal Assets re temp attorney to Tally [sic] arrest spreadsheet and PD 163's. | 0.1 |
| 12/16/05 | Draft motion to extend time. | 0.8 |
| " " | Review cases and authorities on defendant's lack of indexing system to documents. | 3.2 |
| 12/17/06 | Meet w/ D. Appleyard to explain case and review spreadsheets and documents. | 2.0 |
| 12/18/05 | Meet w/ D. Appleyard to explain case and review spreadsheets. | 1.2 |
| " " | Draft e-mail Brian Kriegler (plaintiff's computer expert) re combining spreadsheets. | 0.1 |
| 12/19/05 | Lexis research & review cases on defendant's lack of indexing system or other inability to produce documents. | 3.2 |
| " " | Teleconference with Carol at Protypists re transcript of evidentiary hearing. | 0.1 |
| 12/22/05 | Review Brian Kriegler (plaintiff's computer expert) e-mail and spreadsheets prepared by Brian Kriegler (plaintiff's computer expert). [sic] | 0.7 |
| " " | Review motions, organize pleadings, prepare chronology for motions. | 3.0 |
| 12/24/05 | Review motions, organize pleadings, prepare chronology for motions. | 2.3 |
| " " | Review motions, organize pleadings, prepare chronology for motions; research cases. | 3.5 |
| 12/25/05 | Draft opposition to defendant's motion to [sic] protective order. | 1.7 |
| 12/27/05 | Draft opposition to defendant's motion to [sic] protective order. | 1.5 |
| " " | Review evidentiary hearing transcript. | 2.1 |
| " " | Review evidentiary hearing transcript. | 2.0 |
| " " | Review and research motion. | 1.7 |
| 12/28/05 | Review spreadsheet and tallies prepared by DA and police reports. | 2.1 |
| " " | Review motions, organize pleadings, prepare chronology for motions; research discovery/sanctions cases. | 2.1 |

| | | |
|---|---|---|
| " " | Review & prepare police reports review. | 2.1 |
| 12/29/05 | Review Gantt and James depos. | 2.1 |
| " " | Review motions, organize pleadings, prepare chronology for motions; research cases. | 2.3 |
| 12/30/05 | Prepare exhibits and redact. | 1.1 |
| " " | Revise and draft post filing motion. | 3.2 |
| " " | Prepare exhibits and redact. | 2.4 |
| 1/04/06 | Prepare copies and arrange delivery chambers copy. | 0.7 |
| 1/13/06 | Review defendant's motion to extend time reply/oppose; e-mail re certification. | 0.5 |
| 2/07/06 | Review motion to extend time & e-mail exchange with G. Rickman re certification. | 0.5 |
| " " | Attention to response to motion for leave to late file; collect & prepare exhibits. | 1.7 |
| " " | Teleconference with G. Rickman re certification and motions. | 0.2 |
| " " | Response re leave late file reply on Protective Order. | 0.4 |
| " " | Attention to notice re certification on motion to extend time. | 0.6 |
| 2/09/06 | Leave message with chambers re status on motions. | 0.1 |
| 2/10/06 | Review 2/9/06 discovery opinion & order. | 0.6 |
| " " | Review 2/9/06 discovery opinion & order. | 0.4 |
| 2/11/06 | Teleconference with L. Lang re assistance with fee documentation. | 0.3 |
| " " | Prepare billing records for L. Lang. | 2.2 |
| 2/14/06 | Teleconference with L. Lang re scope of representation and fee petition. | 0.7 |
| 2/17/06 | Draft e-mail and t/c G. Rickman re projection. | 0.2 |
| 2/20/06 | Prepare spreadsheet of hours for L. Lang. | 1.1 |
| " " | Prepare report of expenses. | 1.0 |
| TOTAL | | 190.7 |

Paralegal Byndloss

| Date | Description | Time |
|---|---|---|
| All dates | All tasks | 10.0 |

Expenses

| Date | Description | Total |
|---|---|---|
| All dates | All expenses | $3,108.12 |

Summary

| Description | Hours | Hourly Rate | Total |
|---|---|---|---|
| Attorney Claiborne | 190.7 | $360 | $68,652.00 |
| Paralegal Byndloss | 10 | $115 | $ 1,150.00 |
| Expenses | n/a | n/a | $ 3,108.12 |
| TOTAL | | | $72,910.12 |

An Order accompanies this Memorandum Opinion.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Date: