**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| JUANITA MCDOWELL, )  |
| Plaintiff, )  |
| v. ) | Civil Action No. 02-1119 (RWR) |
| DISTRICT OF COLUMBIA, )  |
| *et al.*, )  |
| Defendants. )  |

---

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Juanita McDowell brought this action against the District of Columbia ("the District") and Metropolitan Police Department ("MPD") Officer Shynita Williams, alleging that Williams conducted an illegal strip search and visual body cavity search of McDowell causing her to suffer emotional distress, in violation of 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.  The District has moved pursuant to Fed. R. Civ. P. 72 for reconsideration of Magistrate Judge John Facciola's July 11, 2006 Memorandum Opinion and Order directing it to pay the attorney's fees and costs associated with McDowell's having to obtain from the District various MPD arrest reports ("PD 163's").  Because the magistrate judge's ruling was not clearly erroneous or contrary to law, the District's motion for reconsideration will be denied.

- 2 -

BACKGROUND

McDowell alleges that on June 14, 2001, after two male MPD officers removed her from her parked van, Williams, a female, over McDowell's objections and in the presence of several onlookers, pulled down McDowell's pants exposing her underwear. Williams grabbed and looked into McDowell's underwear, dislodging several bags of heroin.

The parties' counsel conferred by telephone on October 23, 2002 regarding discovery and other matters as is required by Fed. R. Civ. P. 26(f).  On November 16, 2002, McDowell propounded document requests to the District, seeking hard copies of the PD 163's for certain officers.  The District had not produced the documents by February 3, 2003 when McDowell moved to compel. Thus began what was unforeseeable to the court at the time -- an exasperating and protracted struggle with the District because of its indefensible failure to comply conscientiously with its discovery production obligations.  The District, by then represented by newly assigned replacement counsel, opposed the motion.  It argued that McDowell was not yet entitled to seek discovery since Fed. R. Civ. P. 26(d) bars parties from seeking discovery before holding their Rule 26(f) conference, and the parties had not yet completed their Rule 26(f) conference since they had not yet agreed on a proposed discovery plan or the conference report required by Local Civil Rule 16.3.  At that

early stage in the case, with new counsel having just entered the case, McDowell's motion was denied without elaboration, although without prejudice.  The parties did not file the report of their Rule 26(f) conference until April 16, 2003.

On August 19, 2003, McDowell requested all arrest databases and accompanying manuals to help narrow the field of PD 163's she was seeking.  The District did not produce the requested documents, spawning five more motions to compel between October 13, 2003 and September 8, 2005, and countless status and evidentiary hearings before the magistrate judge and me.  On January 26, 2005, the magistrate judge ordered production within ten days.  The District violated this order, and the magistrate judge ultimately sanctioned the District, ordering it to pay the attorney's fees and costs McDowell incurred in seeking production of the PD 163's from February 3, 2003, the date of her first motion to compel.  On March 9, 2006, the District sent the requested PD 163's to McDowell.  The magistrate judge thereafter ordered the District to pay McDowell attorney's fees and costs totaling $72,910.12 (the "July 2006 order").  The District has now filed a motion for reconsideration of both the imposition of sanctions and the amount of the award, alleging that the magistrate judge's ruling was clearly erroneous.

- 4 -

DISCUSSION

Under Fed. R. Civ. P. 72(a) and LCvR 72.2(b), a party may
seek reconsideration of a magistrate judge's resolution of a
discovery dispute.  "On review, the magistrate judge's decision
is entitled to great deference unless it is clearly erroneous or
contrary to law, that is, if on the entire evidence the court is
left with the definite and firm conviction that a mistake has
been committed."  Pulliam v. Continental Cas. Co., No. 02-370,
2006 WL 3003977, at *2 (D.D.C. Oct. 20, 2006) (citing Virtual
Def. & Dev. Int'l, Inc. v. Rep. of Mold., 133 F. Supp. 2d 9, 20
(D.D.C. 2001) (quoting Neuder v. Battelle Pac. Nw. Nat. Lab., 194
F.R.D. 289, 292 (D.D.C. 2000)) (internal quotations omitted); see
also LCvR 72.2(c) ("Upon a motion for reconsideration . . . a
judge may modify or set aside any portion of a magistrate judge's
order . . . found to be clearly erroneous or contrary to law.").

I.   BAD FAITH

The District argues that the July 11, 2006 order imposing
sanctions on it was clearly erroneous under Fed. R. Civ. P.
37(b)(2) because there was no finding that the District acted in
bad faith during discovery.  (See Def.'s Mem. in Support of Mot.
Recons. at 3.)  The District points out that in response to
McDowell's November 22, 2004 motion to compel production of the
requested PD 163's, the magistrate judge expressly found that the
District's actions were "'not so flagrant and egregious as to be

- 5 -

in bad faith, i.e., with a malicious or evil intent.'"  (<u>See</u>
Def.'s Mem. in Support of Mot. Recons. at 1 (quoting Mag. J.
Order of Feb. 9, 2006 at 20); <u>see also</u> Mag. J. Order of Feb. 9,
2006 at 26 ("Defendants' conduct in this case, while
exasperating, in no way suggests any underlying bad faith.").)

The Federal Rules of Civil Procedure allow the imposition of
sanctions against a party who "fails to obey an order to provide
or permit discovery . . . ."  Fed. R. Civ. P. 37(b)(2).  "Rule
37(b)(2) does not require a showing of willfulness or bad faith
as a prerequisite to the imposition of sanctions upon a party."
<u>Alexander v. Fed. Bureau of Investigation</u>, 186 F.R.D. 78, 88
(D.D.C. 1998); <u>see also</u> <u>Societe Internationale Pour</u>
<u>Participations Industrielles et Commerciales, S.A., v. Rogers</u>,
357 U.S. 197, 208 (1958) (noting that a party violates Rule
37(b)(2) by simply failing to comply with an order); <u>Indep.</u>
<u>Prods. Corp. v. Loew's Inc.</u>, 30 F.R.D. 377, 381 (S.D.N.Y. 1962)
("A mere failure to comply with an order under Rule 37(a) is
sufficient to justify the imposition of sanctions under Rule
37(b); proof of wilfulness is not required.").

The District violated Rule 37(b)(2) when it failed to
provide McDowell with the PD 163's within ten days after the
magistrate judge granted McDowell's motion to compel production
of these documents.  While the District's actions may have been
merely negligent, a finding of bad faith is not necessary to

- 6 -

justify the imposition of sanctions under Rule 37(b)(2), and the
magistrate judge did not clearly err in his decision to sanction
the District in this case without such a finding.

II.  SCOPE OF SANCTIONS

    The District further contends that the scope of the
magistrate judge's award -- granting fees and costs dating back
to February 2003 -- was clearly erroneous in two ways.  First, it
argues that it cannot be punished for any non-production before
January 2005 because there was no order compelling production
before that time.  Second, it claims it was error to award fees
and costs back to February 2003 since McDowell did not even ask
for any award until March 2005.

    Rule 37(a)(4)(A) provides that when a party's motion to
compel is granted or "if the disclosure or requested discovery is
provided after the motion was filed, the court shall . . .
require the party or deponent whose conduct necessitated the
motion . . . to pay to the moving party the reasonable expenses
incurred in making the motion, including attorney's fees . . . ."
Fed. R. Civ. P. 37(a)(4)(A).  Absent a finding that the non-
moving party's position was "substantially justified," the
imposition of sanctions is mandatory.  See Notice v. DuBois, 187
F.R.D. 19, 20 (D. Mass. 1999); see also Merritt v. Int'l
Brotherhood of Boilermakers, 649 F.2d 1013, 1019 (5th Cir. 1981)
("[T]he award of expenses is mandatory against a party whose

conduct necessitated a motion to compel discovery . . . .").
These expenses are assessed "so as to compensate the wronged
party for the extra effort it was forced to expend because of the
wrongdoer's obstructive behavior." Perkinson v. Houlihan's/D.C.,
Inc., No. 84-2038, 1986 U.S. Dist. LEXIS 28641, at *37 (D.D.C.
Mar. 3, 1986).

In addition, Rule 37(b) requires the imposition of sanctions
against a party who refuses to comply with a discovery order.
See Fed. R. Civ. P. 37(b)(2); see also Weisberg v. Webster, 749
F.2d 864, 873 (D.C. Cir. 1984).  The party failing to obey the
order is required "to pay the reasonable expenses, including
attorney's fees, caused by the failure, unless the court finds
that the failure was substantially justified or that other
circumstances make an award of expenses unjust."  Fed. R. Civ. P.
37(b)(2).  While "[t]he imposition of the number and type of
sanctions employed under Rule 37(b)(2) is left to the discretion
of the trial judge," Atkins v. Fisher, 232 F.R.D. 116, 127
(D.D.C. 2005), "the court's discretion is not without
limits. . . . [A]ny sanctions awarded must be proportional to the
underlying offense." Caldwell v. Ctr. for Corr. Health & Policy
Studies, Inc., 228 F.R.D. 40, 42 (D.D.C. 2005) (citing Bonds v.
District of Columbia, 93 F.3d 801, 808 (D.C. Cir. 1996)).  "[I]n
order to sanction a party pursuant to Rule 37(b)(2), the Court

- 8 -

must identify a specific discovery order that was actually violated." <u>Atkins</u>, 232 F.R.D. at 127.

Here, the magistrate judge imposed sanctions on the District for expenses incurred by McDowell dating back to when McDowell first moved to compel expressly because "the fact that plaintiff had to move to compel the information justifies an award of attorneys fees dating back to February 3, 2003 . . . ." (<u>See</u> Mag. J. Op. of July 11, 2006 at 2.)  The magistrate judge imposed sanctions not only for the District's failure to produce the requested PD 163's after having been ordered to do so, but also for the costs incurred by McDowell for ever having to move to compel the production of the information that she was entitled to and the District was not producing.  Although the District received the benefit of the doubt after McDowell's first motion to compel was filed early in the case in 2003 with new counsel for the District just taking over, hindsight confirms that the benefit was misplaced.  The District effectively converted that benefit into the plainly improper position that it could block McDowell's entitlement to discovery for as long as it chose not to agree to the terms of a joint LCvR 16.3 report -- in this case, for six months.[1]  Then, the District ended up taking forty

_____

[1]  LCvR 16.3 requires the parties to discuss and report on the topics it lists.  It calls for the parties to report on areas of agreement and disagreement; by its terms, it does not require them to agree on all the topics.  Nor does it empower one party to invoke Fed. R. Civ. P. 26(d) to stall the beginning of

- 9 -

months to produce the PD 163's McDowell first requested in 2002.
The magistrate judge did not err in awarding McDowell under Rule
37(a)(4)(A) the reasonable expenses she was forced to incur in
making all of her efforts to move justifiably to compel
production of the PD 163's, and under Rule 37(b)(2) her costs
stemming from the District's failure to obey the magistrate
judge's January 26, 2005 order which directed the District to
produce the PD 163's within ten days of that order.

The District cites to no authority to support its claim that
McDowell cannot be awarded fees back to February 3, 2003 since
she did not make any request for fees until March 14, 2005.  Rule
37(a)(4)(A) contains no deadline by which McDowell had to seek
expenses for each of her motions to secure the PD 163
information.  McDowell's first motion to compel was filed on
February 3, 2003 and was followed by five others.  The District's
failure to fully produce continued throughout that period and was
not cured until after McDowell had moved to compel.  <u>See</u> Fed. R.
Civ. P. 37(a)(4)(A).  The District's argument that the magistrate
judge acted clearly erroneously by imposing sanctions for costs
incurred by McDowell that had not been requested earlier is
without merit, and the magistrate judge's order will be upheld.

---

discovery for as long as the District did here.

- 10 -

III. REASONABLE BILLING JUDGMENT

The District also contests the magistrate judge's order on the grounds that the award included costs resulting from McDowell's counsel's failure to exercise reasonable billing judgment. "An applicant for attorneys' fees is only entitled to an award for time reasonably expended. Thus the fee application must also contain sufficiently detailed information about the hours logged and the work done." Nat'l Assoc. of Concerned Veterans v. Sec'y of Def., 675 F.2d 1319, 1327 (D.C. Cir. 1982). While "[i]t is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted," Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980), the fee application must provide enough detail "to permit the District Court to make an independent determination whether or not the hours claimed are justified." Concerned Veterans, 675 F.2d at 1327.

The District claims that McDowell's counsel acted unreasonably by billing at an attorney's rate for work that could have been performed by clerical or paralegal staff, by failing to include in his fee report time spent on tasks that were performed but not billed, and by billing multiple tasks in one time entry. However, the District provides no authority demonstrating that the magistrate judge's determination that McDowell's counsel had exercised reasonable billing judgment was clearly erroneous.

- 11 -

Unlike those cases cited by the District where the fee award was
found to be unreasonable due to the inclusion of nonproductive
time, see Concerned Veterans, 675 F.2d at 1327, time expended on
unsuccessful claims, see id., or administrative costs that should
have been born by the attorney, see Cook v. Block, 609 F. Supp.
1036, 1041 (D.D.C. 1985), the attorney's fees and expenses
identified by McDowell's counsel involved specific tasks related
to McDowell's efforts to obtain the repeatedly requested PD 163's
from the District.  Further, the District provides no support for
its contention that the twelve tasks identified in its motion
should have been performed by clerical staff.  Moreover, for the
five entries that the District identifies as "block billings," or
billing for two or more tasks in one time entry, the District
also cites to no authority for its proposition that the
magistrate judge unreasonably determined that those entries did
not constitute block billings.  As a result, the magistrate
judge's determination that McDowell's counsel had exercised
reasonable billing judgment for those fees and expenses which the
District was required to pay was not clearly erroneous and will
be upheld.

<u>CONCLUSION AND ORDER</u>

     Because Magistrate Judge Facciola's order granting McDowell
attorney's fees and expenses for her repeated efforts to obtain
the PD 163's from the District was not clearly erroneous or

- 12 -

contrary to law, the District's motion for reconsideration of that order will be denied.  Accordingly, it is hereby

ORDERED that the District's motion for reconsideration be, and hereby is, DENIED.  The District shall comply with Magistrate Judge Facciola's July 2006 order within 10 days of the entry of this order.

SIGNED this 30th day of November, 2006.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge